UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 12-10196-GAO

UNITED STATES OF AMERICA

v.

PHILLIP ASARO, PHILLIP R. CONSOLO, STEVEN J. CAMERON, MICHAEL NAPIER,
SALVATORE RUSSO, DEREK DURBANO, JOSEPH BRENNAN, RICHARD MORETTO,
CALOGERO R. LOGRASSO, NICHOLAS GREGORY, JR., NICHOLAS GREGORY, SR.,
and BASSAM ALSHARFA,
Defendants.

OPINION AND ORDER
June 20, 2014

O'TOOLE, D.J.

This is a drug conspiracy case involving twelve defendants. The investigation leading up to the indictment in this case involved the issuance of several wiretap orders between October 2011 and April 2012, under Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. § 2510 et seq. The initial wiretap order, issued October 5, 2011, authorized the wiretap of Target Telephone #1 used by defendant Asaro. The second order, issued November 4, 2011, authorized the wiretaps of Target Telephone #2 used by an unindicted co-conspirator and Target Telephone #3 used by defendant Nicholas Gregory, Jr.

Gregory, Jr. moves to suppress telephone communications intercepted pursuant to the November 2011 wiretap order, and any derivative evidence. Defendant Joseph Brennan separately moves to suppress calls intercepted from all wiretaps conducted in the case and any derivative evidence.

## I. Legal Framework

Under Title III, the issuing judge must find that a wiretap application demonstrates "probable cause for belief that an individual is committing, has committed, or is about to commit" a criminal offense; that "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception"; and that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(a)-(c).

On a motion to suppress, the Court must evaluate whether "the facts set forth in the application were minimally adequate to support the determination" that a wiretap was necessary. United States v. Nelson-Rodriguez, 319 F.3d 12, 32 (1st Cir. 2003) (quoting United States v. Scibelli, 549 F.2d 222, 226 (1st Cir. 1977)).

## II. Gregory, Jr.'s Motion to Suppress

Gregory, Jr. contends that the November 2011 wiretap order authorizing interception of his telephone was improperly issued because there was an insufficient showing of probable cause. He has withdrawn his additional argument that the affidavit failed to show necessity because it did not include all known investigative facts, as the same argument was rejected in United States v. Yeje-Cabrera, 430 F.3d 1, 7 (1st Cir. 2005) ("The requirement of a full and complete statement cannot possibly mean that every single detail, even if relevant to the wiretap, must be included.").

The November 2011 affidavit incorporated by reference an October 2011 affidavit submitted in support of an application to intercept a phone used by co-defendant Asaro. The judge who authorized electronic surveillance of Asaro's phone on the basis of the October affidavit declined to include Gregory, Jr. as a target interceptee, presumably because an

2

insufficient showing had been made of probable cause as to him. The November application sought authority to intercept Gregory, Jr.'s phone. He argues that what information the November 2011 affidavit added as to him was still insufficient to amount to probable cause.

The November affidavit presented information about four intercepted telephone calls between him and Asaro on the latter's phone. Gregory, Jr. may fairly argue that his intercepted calls, when viewed in isolation, were not obviously criminal in nature. However, the affidavit included ample supplementary evidence to support probable cause. Gregory, Jr.'s pen register phone records showed frequent communications with several Canadians, in particular Carmelo Marsala, who was believed to be associated with organized crime and drug trafficking based on intelligence investigators received from Canadian police and ICE agents stationed in Canada. The affidavit described Gregory, Jr.'s travel to Montreal on one occasion and his purchase of a plane ticket for Marsala to come to Boston from Montreal on another. The October affidavit had described another drug conspiracy operating between Montreal and Boston, and the November affidavit added that Gregory, Jr. had traveled to and from Montreal on a single day shortly after a major seizure from two Canadians of what were thought to be drug proceeds. The affidavit provided facts strongly suggesting the proceeds had been collected from the occupant of a car registered to Gregory, Jr.'s father, Gregory, Sr.

The November affidavit also recited that Gregory, Jr. spoke with Asaro about an anticipated visit from a "cousin" from Montreal. The evidence of Asaro's drug dealing was substantial and included visual surveillance of his home. The government's suspicion was that the "cousin" expected to visit was a courier for the conspiracy. Gregory, Jr. was also in frequent contact with other target subjects, particularly Lonano (user of Target Telephone #2).

When viewed in its entirety, and in light of all the circumstances, the November affidavit together with the October affidavit provided a substantial basis to support a fair probability that evidence of criminal conduct would be discovered by interception communications over Gregory, Jr.'s phone. His motion is DENIED.

### III.    Brennan's Motion to Suppress

Brennan challenges all wiretap orders issued in this case, contending that they were all tainted by the insufficiency of the initial October 2011 order. As an initial matter, the government asserts, and Brennan does not refute, that Brennan's voice was only intercepted over the wiretap on co-defendant Consolo's phone (Target Telephone #6) authorized by the February 9, 2012 order. Therefore, Brennan lacks standing to challenge the other orders, as he is not an "aggrieved person" under Title III as to these orders. See United States v. Charles, 1998 WL 204696, at *11 (D. Mass. Jan. 13, 1998) (holding that standing is limited to those "whose voices were actually intercepted"), aff'd, 213 F.3d 210 (1st Cir. 2000).

Brennan presents no specific argument that the order permitting electronic surveillance of Consolo's telephone, the only one as to which he has standing, was invalid.

Brennan originally claimed in his motion that the wiretaps were improperly authorized, but later waived this argument.

For the reasons set forth, Brennan's motion is DENIED.

### IV.    Conclusion

Gregory, Jr.'s Motion to Suppress Electronic Surveillance (dkt. no. 147) and Brennan's Motion to Suppress Wiretap Evidence (dkt. no. 186) are DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge